[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, the Town of East Hartford (Town), appeals pursuant to General Statutes 7-422 the decision of the defendant Personnel Board of Appeals for the Town of East Hartford (Board) which sustained the grievances of defendants Anthony Land and Roger LeMay regarding their annual merit salary CT Page 948 increases for Fiscal Year 1988-1989.
The Town alleges that prior to July 1, 1988, Robert F. McNulty, Mayor of the Town, informed Land and LeMay that they would not receive merit increases in Fiscal Year 1988-1989 due to inadequate performance. The defendants do not dispute that Land and LeMay were denied merit increases. However, they do dispute that the Mayor had the power to deny the salary increases under the charter or the East Hartford Personnel Rules and Merit System (Rules).
In August/September 1988, defendants Land and Lemay appealed the Mayor's decision to the defendant Board. The Board held a hearing on that appeal during November 1988 and January 1989. During that hearing the Town twice moved that the proceedings be dismissed on the basis that Land and Lemay had not complied with the preliminary steps of the grievance procedure established by section 50 of the Rules. The Board denied these motions.
Following the hearing, the Board ruled in favor of defendants Land and LeMay in January 1989 and again, on the Town's motion for reconsider, in February 1989. The Town thereupon brought this appeal to this court.
The hearing on the appeal to this court was completed on April 9, 1991. On August 8, 1991, this court (Steinberg, J.) rendered judgment, by filing its decision with the clerk on that date, sustaining the Town's appeal. The basis of the court's decision was that defendants Land and Lemay had failed to exhaust their administrative remedies prior to appealing to the Board, and the Board, therefore, lacked subject matter jurisdiction to hear that appeal. Accordingly, the Board's decision was held to be void.
On August 22, 1991, defendants Land and LeMay moved to set aside the court's judgment on the basis that it was not rendered within one hundred twenty days from the completion date of the trial of the appeal. The court's decision was, in fact, filed one day late. It was, therefore, voidable, and the court granted the defendants' motion to set the judgment aside. A new trial of the appeal was held on November 26, 1991. The parties filed supplemental briefs on the issue of exhaustion of remedies on December 10, 1991.
The court has examined the entire record in the case and has carefully considered the parties' original briefs, which they adopted for the new trial of the appeal. The court has also considered the parties' supplemental briefs. Finally, the court has reviewed Judge Steinberg's decision, which is on file. CT Page 949 This court finds Judge Steinberg's decision to be thorough and well reasoned. This court holds, for the reasons set forth in that decision, that the defendants Land and LeMay failed to exhaust their administrative remedies and that the Board, therefore, lacked jurisdiction to hear their appeal. Accordingly, the Board's decision was void. The plaintiff Town's appeal from that decision is, therefore, sustained.
MALONEY, J.